UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

**Lawrence Crawford,** # 300839,         )   **C/A No. 0:06-1990-TLW-BM**
                             )
                  Plaintiff,   )
                             )
vs.                           )
                           )   Report and Recommendation
Mr. And Mrs. Joseph Abrams III; and or  )
Cylenia Lee; and or                )
Sylvia Lee; and or                 )
Mr. Brunson (Sylvia's husband); and or  )
Mr. And Mrs. Herbert Lee; and or      )
April Monroe; and or             )
Michael Lee; and or              )
William Jetterton,                )
                  Defendants.   )

---

     This is a civil rights action filed *pro se* by a state prison inmate. Plaintiff is currently incarcerated at the Lieber Correctional Institution, part of the South Carolina Department of Corrections' (SCDC) prison system, serving a sentence on a murder conviction entered in Kershaw County, South Carolina.

     This is the third case filed by this Plaintiff arising from circumstances surrounding the criminal case in which Plaintiff was convicted of murdering his eleven year-old daughter. *See* Crawford v. Kershaw County DSS, Civil Action No. 0:06-1412-TLW-BM; Crawford v. SC Attorney General's Office, Civil Action No. 0:06-908-TLW-BM. In this case, it appears (but is not certain because Plaintiff makes no specific allegations against any of the named Defendants) that most of the Defendants are private individuals who either testified or provided evidence against Plaintiff



in connection with the criminal case.  Rather than making specific allegations of wrongdoing against each Defendant in this case, however, Plaintiff states only: "The facts that relate to this case are the same levied in Crawford v. Kershaw County DSS et al, case No. 0:06-cv-1412."  No other allegations are contained in the "statement of claim" portion of the Complaint in this case. The only "relief" requested in this Complaint is the following statement: "The relief sought in 06cv1412 should be generally the same for this particular case."  (Entry 1).

### Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, however, the Complaint filed in this case is still subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts



which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990).

### Discussion

Initially, the Complaint in this case is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s}" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants.  As previously stated, Plaintiff's pleading contains no specific allegations of wrongdoing against any of the named Defendants, but, rather, simply refers the Court to one of the previous cases Plaintiff filed.  Additionally, Plaintiff does not specify what, if any, relief he is seeking against these particular Defendants, but only refers the Court to his other case regarding the relief he seeks in this case.  As a result, even given the admittedly liberal construction rule applicable to *pro se* pleadings, it is impossible to determine what, if any, specific allegations of wrongdoing are made with respect to each Defendant.

Accordingly , the Complaint should be summarily dismissed without prejudice as violative of Federal Rule of Civil Procedure 8.  *See*  Holsey v. Collins, 90 F.R.D. 122, 128 (D.C. Md. 1981); *see also* Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977)(dismissing a pro se complaint for improper pleading).  Furthermore, in the absence of any specific allegations of wrongdoing against any of the Defendants, the Complaint is subject to summary dismissal because it is frivolous as that term is understood under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B).  Under § 1915, this Court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted."  *See* Cochran v. Morris, 73 F.2d 1310 (4ᵗʰ Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of

3



Social Servs., 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

Second, assuming under the liberal construction rule that the Defendants are persons who testified against Plaintiff or provided evidence to law enforcement against him, and that Plaintiff contends that such testimony somehow violated his federal constitutional rights and seeks damages therefor,[1] the Complaint is subject to summary dismissal because witnesses cannot be sued under 42 U.S.C. § 1983 for providing testimony against the Plaintiff, and also because it does not appear that the Defendants are "state actors."[2]  A rule of absolute witness immunity has been adopted by the  majority of Courts of Appeals.    *See* Brawer v. Horowitz, 535 F.2d 830, 836- 37 (3d Cir. 1976) (lay witness in federal court; Bivens action); Burke v. Miller, 580 F.2d 108 (4th Cir. 1978) (state medical examiner; § 1983 action); Charles v. Wade, 665 F.2d 661 (5th Cir. 1982), cert. pending, No. 81-1881 (police officer witness; § 1983 suit); Myers v. Bull, 599 F.2d 863, 866 (8th Cir. 1979) (police officer witness; § 1983 suit); Blevins v. Ford, 572 F.2d 1336 (9th Cir. 1978) (private witnesses and former assistant U.S. attorney; action under §1983 and the Fifth Amendment).  Additionally, since the United States Supreme Court's decision in Briscoe v. LaHue, 460 U.S. 325 (1983), most circuits have rejected § 1983 claims alleging that defendants who were testifying witnesses were not entitled to absolute immunity because they were engaged in a conspiracy with each other or with the prosecutor to offer perjurious testimony in a criminal case

---

[1]In his statement of assets (Entry 2), Plaintiff states that he is filing a § 1983 action for 14th and 8th amendment violations amounting to "punishment" that occurred "as a pretrial detainee."  Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).

[2]The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added). *See* discussion, infra.



against the plaintiff. *See* <u>Franklin v. Terr</u>, 201 F.3d 1098, 1101-02 (9th Cir. 2000) (involving allegation of conspiracy between two testifying witnesses); <u>Hunt v. Bennett</u>, 17 F.3d 1263, 1267-68 (10th Cir. 1994) (holding prosecutor and police officer witness absolutely immune from claim of conspiracy to present false testimony); <u>Snelling v. Westhoff</u>, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam) (rejecting conspiracy claim and pointing out that plaintiff's conspiracy allegations were "conclusory"); <u>McArdle v. Tronetti</u>, 961 F.2d 1083, 1085-86 (3d Cir. 1992) (involving testifying witnesses); <u>House v. Belford</u>, 956 F.2d 711, 720-21 (7th Cir. 1992) (rejecting claim of conspiracy between prosecutor and testifying witness on ground of absolute immunity); <u>Miller v. Glanz</u>, 948 F.2d 1562, 1570-71 (10th Cir. 1991) (rejecting claim for conspiracy among testifying witnesses); <u>Alioto v. City of Shively</u>, 835 F.2d 1173, 1174 & n. 1 (6th Cir. 1987) (same).[3]

Additionally, it appears that all of the Defendants in this case are private citizens, and are not employed by or connected with law enforcement, the judiciary, or any other governmental agency or entity, nor do their actions in connection with Plaintiff's murder case appear from the minimal allegations in Plaintiff's Complaint to have any characteristics which would permit the Court to find that they are state actors. As a result, even if Plaintiff is attempting to claim that something the Defendants did in connection with his murder case violated his constitutional rights, no viable § 1983 or Fourteenth Amendment claim has been stated against them. In order to state

---

[3]The English common law has long established the immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings. <u>Dawkins v. Lord Rokeby</u>, 176 Eng. Rep. 800, 812 (C.P. 1866); <u>Henderson v. Broomhead</u>, 157 Eng. Rep. 964, 968 (Ex. 1859); <u>The King v. Skinner</u>, Lofft 55, 56, 98 Eng. Rep. 529, 530 (K.B. 1772) (Lord Mansfield, C.J.) ("[N]either party, witness, counsel, jury, or Judge, can be put to answer, civilly or criminally, for words spoken in office."); <u>Anfield v. Feverhill</u>, 80 Eng. Rep. 1113 (K.B. 1614); <u>Cutler v. Dixon</u>, 76 Eng. Rep. 886 (K.B. 1585). American courts have followed this tradition, and it is settled that 42 U.S.C. § 1983 did not carve out an exception to this immunity for either "lay" or "official" witnesses. <u>Briscoe v. LaHue</u>, 460 U.S. 325, 329-46 (1983). Of course, this absolute privilege applies only to damages liability; lay and official witnesses remain subject to prosecution for perjury or willful deprivations of civil rights if they knowingly make false statements in court. <u>Burns v. Reed</u>, 500 U.S. 478, 489-92 (1991); <u>Briscoe</u>, 460 U.S. at 345 n.32.)



a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or the Fourteenth Amendment.

To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. at 937; *see* United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of America, AFL-CIO, 941 F.2d 1292 (2d Cir.1991).  Therefore, even if the Complaint could be liberally construed to imply an allegation of constitutional rights violations by the private Defendants, such an implied interpretation would not establish federal question jurisdiction in this case.

Finally, even if the Court were able to liberally construe Plaintiff's obviously inadequate Complaint as stating some type of state-based claims against Defendants, the Complaint would still be subject to summary dismissal for lack of jurisdiction.  It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute, Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area School Dist., 475



U.S. 534, 541 (1986), and which is not to be expanded by judicial decree, American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951).  It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of North America, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936).  Plaintiff has failed to do so in this case.

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332.   The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction, and the undersigned can discern no other possible basis for federal jurisdiction evident.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires **_complete_** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332 (emphasis added).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side.  *See* Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16 (1978).  This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided by Plaintiff on his service documents, Plaintiff and all of the Defendants are residents of South Carolina.  Hence, although it is not clear whether Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case, this

7



does not matter because, in the absence of diversity of citizenship, the amount in controversy is irrelevant.

Secondly, as stated above, even extremely liberally construed Plaintiff's Complaint does not, and cannot, show it is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction.

In the absence of either diversity or federal question jurisdiction over any potentially implied claims against the Defendants, Plaintiff's Complaint is frivolous and subject to summary dismissal without service on the Defendants.

### Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Since the Complaint filed in this case is frivolous and fails to state any viable claims against any Defendant, 28 U.S.C. § 1915A(b)(2) is applicable in this case. Hence, I also recommend that



this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

September  5,  2006
Columbia, South Carolina

9



## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992);  Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984);  Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  *See*  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant);  Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins;  Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
